RECEIVED
IN LAKE CHARLES, LA.
MAY 26 2016
TONY R. MOORE, CLERK
BY_____ DEPUTY

WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LIBERTY SURPLUS INSURANCE CORPORATION** | * | **CIVIL ACTION NO. 2:15-cv-2529** |
| v. | * | **JUDGE MINALDI** |
| **BRIAN KAHN AND ANJANI HOSPITALITY, LLC D/B/A DAYS INN & SUITES** | * | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss (Rec. Doc. 5) filed by defendant Brian Kahn, a Motion to Dismiss (Rec. Doc. 8) filed by defendant Anjani Hospitality, LLC ("Anjani Hospitality"), an Opposition (Rec. Doc. 10) to both motions filed by plaintiff Liberty Surplus Insurance Corporation ("Liberty Surplus"), a Reply (Rec. Doc. 11) filed by Kahn, and a Reply (Rec. Doc. 12) filed by Anjani Hospitality. For the following reasons, both motions to dismiss will be **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On December 13, 2014, Brian Kahn was asleep in his hotel room at the Days Inn Hotel, which is owned and operated by Anjani Hospitality, in Jennings, Louisiana.[1] According to Kahn, he woke up to find his hotel room engulfed in flames and smoke, but escaped the fire by jumping through the hotel room window.[2] Kahn alleges that the fire originated from the HVAC floor unit located in his hotel room, and that the smoke detector inside of his hotel room and the fire alarm system at the Days Inn Hotel were nonoperational at the time of the incident.[3]

---
[1] Ex. A, Pet. for Damages (Rec. Doc. 1-2) ¶¶ 4, 7-8.
[2] *Id.* ¶ 9.
[3] *Id.* ¶¶ 10-11.

1

On October 5, 2015, Kahn filed a petition for damages against Anjani Hospitality and Liberty Surplus,[4] which insured Anjani Hospitality under a commercial general liability policy, in the Thirty-First Judicial District Court for the Parish of Jefferson Davis, Louisiana, seeking damages for injuries he sustained resulting from the incident.[5] On October 14, 2015, Liberty Surplus filed a complaint in the United States District Court for the Western District of Louisiana seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that it owes no duty to defend or indemnify Anjani Hospitality for any claims arising out of the December 13, 2014, incident.[6] Kahn and Anjani Hospitality each filed a motion to dismiss requesting that the court decline jurisdiction in light of the pending state court proceedings.

## LAW & ANALYSIS

In *Brillhart v. Excess Insurance Co. of America*, the Supreme Court held that a district court considering whether to exercise jurisdiction over a declaratory action when there is a related pending state court proceeding "should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." 316 U.S. 491, 495 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) (confirming that district courts should apply the discretionary standard of *Brillhart* instead of a more stringent test when determining whether to exercise jurisdiction over a suit seeking relief under the Declaratory Judgment Act). Although the circuit courts employ slightly different incarnations of the *Brillhart* test, the focus is always on the same three principles: federalism, fairness, and efficiency. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390 (5th Cir. 2003). The Fifth Circuit has articulated seven nonexclusive factors a district court should evaluate when deciding whether to decline jurisdiction pursuant to the *Brillhart* standard:

---

[4] Great American Insurance Company was also named as a defendant, but it is not a party to this suit.
[5] *See* Ex. A, Pet. for Damages (Rec. Doc. 1-2).
[6] *See* Complaint (Rec. Doc. 1).

2

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,

3) whether the plaintiff engaged in forum shopping in bringing the suit,

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exists,

5) whether the federal court is a convenient forum for the parties and witnesses,

6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and

7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591-92 (5th Cir. 1994). "[When] the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390-91.

The first factor is whether there is a pending state action in which all of the matters in controversy may be fully litigated. Defendants argue that the state court suit involves all of the same parties except for one, Great American Insurance Company, and that every issue raised in the declaratory action would be fully litigated in the state court proceedings. Liberty Surplus does not deny that the issues in the declaratory action would be fully litigated in the state court proceedings, but instead asserts that no party had answered the state court petition or otherwise appeared when it filed the complaint seeking declaratory relief. After reviewing the state court

petition, which specifically alleges that Liberty Surplus's insurance policy covered the damages sought by Khan,[7] and the federal court complaint, the court agrees that the state court suit is a parallel proceeding that would allow Liberty Surplus the opportunity to fully litigate the issues raised in the declaratory action. Thus, this factor weighs strongly in favor of dismissal.

The second factor is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendants. The state court petition was filed before the commencement of the present suit, and thus this factor is neutral.

The third factor is whether the plaintiff engaged in forum shopping in bringing the suit. The Fifth Circuit has held that seeking declaratory relief in federal district court under diversity jurisdiction does not necessarily constitute forum shopping. *See id.* at 398 ("[W]e know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.") The federal court would apply the same state law as the state court proceedings, and there is no other evidence that Liberty Surplus has engaged in forum shopping. Thus, this factor weighs against dismissal.

The fourth factor is whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums. Liberty Surplus asserts this matter could be swiftly resolved in federal court and that there would be no inequity as a result. Defendants argue that if the court exercises jurisdiction, Liberty Surplus would gain the advantage of having the power to select the forum in which to litigate the issues in the declaratory action, and that allowing the case to proceed in federal court would create the possibility of inconsistent or incomplete rulings. Factual and legal determinations will have to be made to determine whether Anjani Hospitality breached the terms of its insurance policy, and the court agrees there is a possibility of inconsistent or incomplete rulings if a state court and a federal court are

---

[7] Ex. A, Pet. for Damages (Rec. Doc. 1-2) ¶ 16.

simultaneously making findings of fact and conclusions of law. Thus, this factor weighs strongly in favor of abstention.

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses. The parties agree that while state court may be a slightly more convenient forum because the accident occurred in the city where that court sits, the federal court in Lake Charles is a relatively convenient forum as well. Thus, this factor is neutral.

The sixth factor is whether retaining the lawsuit in federal court would serve the purposes of judicial economy. Litigating the same issues involving the same parties in both federal and state court would be duplicative and extremely inefficient. Moreover, the federal action is still in its infancy, and consequently few resources will have been wasted if the court declines jurisdiction. Thus, this factor weighs strongly in favor of abstention.

Finally, the seventh factor, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, is not an issue in this case.

After carefully balancing all of the factors, the court finds that the issues raised in this suit would better be resolved in the parallel state court proceedings. Thus, in the interest of federalism, fairness, and efficiency, the court declines to exercise jurisdiction. Accordingly, both motions to dismiss will be **GRANTED**.

Lake Charles, Louisiana, this 26 day of May, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE